TüRley, J.
delivered the opinion of the court.
Two questions are presented for consideration in this case.
1st. Is the deed or mortgage, under which the complainants claim, legally proven for registration? We think it is. It was acknowledged before John H. McFall, the deputy clerk of the Montgomery county court, Tennessee, on the 10th of February, 1844, who certifies thereon, that it was on that day acknowledged before him, as deputy clerk of the county court of Montgomery county, by the bargainor, O. D. Witherspoon, with whom he was personally acquainted, to have been executed by him for the purposes therein mentioned. It is argued that the certificate of acknowledgment is not good, because the same was not taken in the name of the principal, by the deputy, as is inquired by the 1st section of the act of 1838, chap. 150. That statute, after legalizing certain probates and acknowledgments of different kinds of conveyances theretofore taken and certified by deputy clerks, provides, “that thereafter the legally appointed deputy clerk, of any county court in this state, shall be authorized to take the probate and acknowledgment of all such instruments of writing in the name of the principal, by his deputy: Provided, such probate and acknowledgment be taken and certified in the manner directed *546 by law.” Now, bow this acknowledgment of the execution of the mortgage made before the deputy clerk could have been taken in the name of the principal clerk, it seems very difficult to conceive. How would the entry of the acknowledgment be endorsed? This day personally appeared before A. B., the principal clerk of the county court of Montgomery, by his deputy 0. D.” This is not so; for an appearance before the deputy is not an appearance before the principal, and cannot possibly be. Well let us see again. “This day personally appeared before A. B. the deputy, and acknowledged to C. D. the principal” — this willnot do — for an acknowledgment to A. B. ■is not and cannot be an acknowledgment to C. *D. It not being a case where the acknowledgment inures upon the relation of principal' and agent: there being nothing acknowledged for the benefit of the principal. Well again: “this day personally appeared before A. B. the principal clerk, C. D. and acknowledged. Test, E. F. deputy.” This is not true: the appearance was not before A. B. the principal, but E. F. the deputy; and if it had been before the principal, the principal must have certified. Then it seems to us that an acknowledgment of deed can only be taken in the name of the person before whom the acknowledgment is made, and that there is no sense in talking about taking it in the name of a person before whom it is not made. It is true, the signature to the certificate might be A. B. principal clerk, by his deputy, C. D.butcwi bono? The signature by the deputy binds the principal to nothing: it is not like a contract, where the agent must bind the principal by his signature or there is no obligation on his part: the act is merely ministerial on the part of the deputy, and is good by law, independent of the statute, which makes no new rule except it be (as is contended) by implication. We will not take from- the deputy clerk a ministerial power existing before the statute, by implication. That this power exists independent of the statute — see 1st Lord Ray *547 mond, 688; 12th Mod. 467; 5th Lit. Ky. Rep. 198; 4th Vermont, 616.
2nd. It is argued though not pressed, that inasmuch as the-mortgage is upon a steam boat, the mere registration of it'in the -county of Montgomery, the boat at the time when it was executed, being in the port of Clarksville, in Montgomery county, is not such a registration as would defeat the sale in-Louisiana under which the defendants claim: but that the same should have been registered on or deposited with the title papers of the boat. We know of no law in this state requiring such proceeding. The registration of the mortgage is good in Tennessee, whatever it may be elsewhere, and the boat being found in Tennessee,_ will be subjected by decree under the mortgage. The decree of the court below will be affirmed.